**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WJH LLC, | No. CV-26-08051-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Masco & Sons Too LLC, et al., | |
| Defendants. | |

On April 21, 2026, Plaintiff WJH LLC ("Plaintiff") filed a Motion for Alternative Service upon Defendant Dustin Mascaro (Doc. 8). Defendant Dustin Mascaro ("Defendant") has not appeared in this case. In its Motion, Plaintiff requests to effectuate service via first class mail and email. (*Id.* at 1).

## I.    Background

Plaintiff brought suit against Defendant and Defendant Masco & Sons Too LLC on March 16, 2026, and, since then, Plaintiff has been attempting to serve Defendant. Specifically, Plaintiff identified 3383 Sunbeam Drive, Bullhead City AZ 86429 (the "Sunbeam Address") as Defendant's registered address with the Arizona Corporation Commission at the time of filing the Complaint. (Doc. 8-1 at 5). Plaintiff then attempted to personally serve Defendant at this address on March 19 and 21, 2026. However, there was no answer at the home; the process server noted a for sale sign on the property and confirmed that the residence was vacant on the March 21 attempt. (*Id.* at 17).

Following this development, Plaintiff was able to identify a different address for

Defendant via "skip trace," 6314 S Via Del Mar, Fort Mohave, AZ 86426 (the "Via Del Mar Address"). Plaintiff also discovered that, on March 26, 2026, Defendant updated his registered address with the Arizona Corporation Commission to the Via Del Mar Address. (*Id.* at 20). After discovering this address, Plaintiff conducted various attempts to serve Defendant on March 19, 21, 22, 24, and 27, 2026. (*Id.* at 17–18). On the March 21 attempt, the process server was able to hear a dog barking in the residence. (*Id.* at 17). And, notably, shortly after the process server rang the doorbell during the March 27 attempt, a pick-up truck exited the residence's garage and sped away. (*Id.* at 18).

Notwithstanding the unsuccessful attempts to serve Defendant, Plaintiff was able to serve Defendant Masco & Sons Too LLC on April 14, 2026. (*See* Doc. 7). Defendant is the sole member of Masco & Sons Too LLC, and Plaintiff asserts that the LLC's service packet included the summons for Defendant as well. (Doc. 8-1 at 2–3). Now, based on the foregoing unsuccessful attempts, Plaintiff requests to complete service on Defendant by alternative means.

**II.     Legal Standard**

Before a federal court may exercise personal jurisdiction over a defendant, the defendant must be served in accordance with Federal Rule of Civil Procedure 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *amended by* 807 F.2d 1514 (9th Cir. 1987). Federal Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Arizona Rule 4.1(k) authorizes alternative means of service "within Arizona," and provides the following procedure:

> (1)     [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.

> (2)     Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading

being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2).  The impracticable standard "does not mean impossible, but rather that service would be extremely difficult or inconvenient.  This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citation and quotations omitted).

If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).   To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id*. at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

### III.    Discussion

Here, the Court finds that alternative service is appropriate.  First, at least six personal service attempts on Defendant have proven unsuccessful, and there is no indication that further attempts would yield any different results.  These attempts demonstrate Plaintiff's due diligence.  *See*, *e.g.*, *Palm Street Capital LLC v. Xie*, 2022 WL 22855264, *2 (N.D. Cal. 2022) ("Plaintiffs have diligently attempted to personally serve Defendant, attempting to do so four separate times.").  Next, given that service upon Defendant Masco & Sons Too LLC has been completed and Defendant is the LLC's sole member, Defendant likely already has notice of this action.  (*See* Doc. 7; Doc. 8-1 at 5).  In addition, Plaintiff's counsel has already contacted Defendant to send him a demand letter regarding the present dispute.  (*See* Doc. 8-1 at 22, 24).

Even more so, the multiple, unfruitful efforts indicate that Defendant may be evading service.  *See U.S. v. Dockstader*, 2025 WL 2770889, *1 (D. Ariz. 2025) ("[P]laintiff's repeated service attempts indicate [defendant] likely 'has intentionally

- 3 -

avoided service of process' at the Heritage Lane address."). This inference is bolstered by the process server witnessing a pick-up truck emerge from the garage at Defendant's address and speed away shortly after ringing the doorbell. (*See* Doc. 8-1 at 18).

Furthermore, the Court finds that the alternative means of service proposed by Plaintiff are reasonably calculated to provide notice. Service by email has been routinely accepted as an adequate alternative means of service. *See Rio Props.*, 284 F.3d at 1016; *BMO Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, *3-4 (D. Ariz. 2014). Plaintiff has also clarified that it has successfully contacted Mr. Mascaro via his last known email address, scootermasco@yahoo.com, and there is no reason to believe that Defendant does not still use this address. (Doc. 8-1 at 22, 24); *Silver Screen Films Inc. v. Hollywood Media Venture, LLC*, 2023 WL 9019065, *1 (C.D. Cal. 2023) (finding that "service by email, using the email addresses that [Defendants] regularly used to correspond with Plaintiff in the recent past, offers the best possibility for providing Defendants with actual notice of the case"). Additionally, service via certified mail at both the Sunbeam and Via Del Mar addresses will further ensure that Defendant has actual notice of these proceedings. Defendant has, previously and currently, confirmed these addresses with the Arizona Corporation Commission, and the process server observed signs of activity at the Via Del Mar Address. (*See* Doc. 8-1 at 2, 5, 17–18).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service upon Defendant Dustin Mascaro (Doc. 8) is **GRANTED**. Plaintiff shall serve Defendant as follows: (1) via email at scootermasco@yahoo.com **and** (2) by certified mail to 3383 Sunbeam Drive, Bullhead City AZ 86429 and 6314 S Via Del Mar, Fort Mohave, AZ 86426. Service must include: the Complaint, Summons, Preliminary Order, Plaintiff's Motion for Alternative Service, and this Order.

Dated this 22nd day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -